DAVID F. JOHNSTONE, PROSECUTOR, v. THE BOARD OF CHOSEN FREEHOLDERS OF THE COUNTY OF PASSAIC, A BODY POLITIC, DEFENDANT.

Submitted October 5, 1937—Decided December 18, 1937.

Before BROGAN, CHIEF JUSTICE, and Justices TRENCHARD and PARKER.

For the prosecutor, *Mortimer L. Mahler.*

For the defendant, *Harry L. Schoen.*

The opinion of the court was delivered by

PARKER, J.   This is a *certiorari* to a resolution of the board of chosen freeholders of Passaic county, denying the application of the prosecutor for a pension as surviving husband of Elizabeth Johnstone, who in her lifetime was jail matron of the county jail, under the sheriff, and was a member of the sheriff's employes' pension fund, established pursuant to *Pamph. L.* 1927, *p.* 570, § 7, which was amended in 1932.  *Pamph. L., p.* 573.  The ground of the denial was that the statute gives the right to the widow of a male employe but not to a widower of a female employe.  The original section 7 reads in part:  "The widow of any sheriff's employe * * * shall receive a pension so long as *she* shall remain unmarried," &c.  The section as amended in 1932 merely adds: "or in case there be no widow, his minor child or children until each reaches the age of sixteen years," &c.

The court is asked to say that the word "widow" was intended by the legislature to include "widower."  We think

the language and the context plainly bar any such construction. The word itself, in common and universal usage, connotes a female. The statute speaks of an employe who loses *his* life in the performance of *his* duty; and the pension goes to the widow so long as *she* shall remain unmarried. It would be a strange application of the statute to say that if a surviving husband, assumed to be entitled, should remarry, he should lose the pension because of having assumed the burden of supporting a second wife; but that would necessarily follow if prosecutor is right in this claim. We are not here concerned with the clause relating to minor children as it does not appear that there are any; and hence deem the reasoning in *Ghesquier* v. *Fire, &c.,* 117 *N. J. L.* 327, inapplicable. We are not unmindful of section 9 of "An act relative to statutes (*Comp. Stat., p.* 4972) and are of the opinion that the context is "repugnant to the construction" provided in the purview of that section.

The writ will be dismissed, with costs.